# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARPLE FLEET LEASING, LLC,

     Plaintiff,

    v.                                                                Case No.:  6:25-cv-02087-RBD-LHP

ORLANDO RENTCO, LLC, AND
REMON AZIZ,

     Defendants,

_____

## ORDER

Before the Court is Plaintiff's Motion for Final Default Judgment, Doc. No. 31, which motion has been referred to the undersigned.  On review, the motion (Doc. No. 31) will be **DENIED without prejudice**, for the reasons that follow.

This case concerns Plaintiff Marple Fleet Leasing, LLC's claims that Defendant Orlando Rentco, LLC breached a Master Lease Agreement with Plaintiff, by which Orlando Rentco, LLC agreed to lease vehicles from Plaintiff.  Doc. No. 7. Defendant Remon Aziz executed a guarantee, guaranteeing all amounts due under the Master Lease Agreement.  *Id.*; *see* Doc. No. 7-1, at 11.  Plaintiff brings two breach of contract claims, one against each Defendant.  Doc. No. 7, at 5–6.

Defendants were served with process, but failed to timely answer or respond. Doc. Nos. 13, 16; Fed. R. Civ. P. 12(a)(1)(A).  Accordingly, on Plaintiff's motions,

-1-

Clerk's defaults were entered against Defendants.  Doc. Nos. 17–19, 26–28.  Now, Plaintiff seeks default judgment.  Doc. No. 31.  Upon consideration, however, there are several deficiencies with Plaintiff's motion that prevent the undersigned from recommending entry of default.[1]

As an initial matter, Plaintiff's motion fails to comply with the Local Rules, including Local Rules 1.08 and 3.01(k).  Moreover, there are several substantive deficiencies with the filing.

First, the motion fails to address the Court's subject matter jurisdiction, and whether the Court has personal jurisdiction over Defendants.  *See, e.g.*, *Accident Ins. Co., Inc. v. DWF Installations, Inc., No.* 6:24-cv-487-WWB-DCI, 2024 WL 3470354, at *2 (M.D. Fla. July 19, 2024) (denying without prejudice motion for default judgment where "Plaintiff does not demonstrate jurisdiction because Plaintiff does not mention *in personam* jurisdiction, the basis for diversity jurisdiction, or explain why service of process on each Defendant was sufficient."); *see also Fitzgerald v. Defendant 1*, No. 24-21925-CV, 2026 WL 575168, at *4 (S.D. Fla. Mar. 2, 2026) ("[W]hen deciding

---

[1] Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "Therefore, a court must conduct an analysis to determine whether the well-pleaded factual allegations of the plaintiff's complaint provide a sufficient basis for a judgment against the defendant." *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206).

a motion for default judgment, the Court has an affirmative duty to evaluate personal jurisdiction." (citing, *inter alia*, *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999))); *Persia v. Tab Rest. Grp., LLC*, No. 6:23-cv-1663-PGB-DCI, 2024 WL 128042, at *1 (M.D. Fla. Jan. 11, 2024) (denying without prejudice motion for default judgment where, among other things, "Plaintiff d[id] not even mention jurisdiction").

Second, regarding the breach of contract claims, Plaintiff's analysis is deficient. Plaintiff asserts that it states claims for breach of contract under Florida law, without explaining why Florida law would apply. Doc. No. 31. Plaintiff conducts no choice of law analysis, and notably the Master Lease Agreement states that it is governed by Pennsylvania law. *See* Doc. No. 7-1, at 7. *See, e.g.*, *GRUPO HGM Tecnologias Submarinas, S.A. v. Energy Subsea, LLC*, No. CV 1:18-00430-TFM-N, 2019 WL 3520540, at *11 (S.D. Ala. July 2, 2019), *report and recommendation adopted*, 2019 WL 3503985 (S.D. Ala. July 31, 2019) (denying without prejudice motion for default judgment that conducted no choice of law analysis and failed to explain or establish why Alabama law would apply).

Third, unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the Court must determine both the amount and character of damages to be awarded. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought. *See id.* The

motion for default judgment is wholly deficient in this regard, providing a conclusory assertion that Defendants owe Plaintiff $1,295,431.17.  Doc. No. 7. Although the motion purports to include an Affidavit of Frederick J. Cardone as an attachment to support such a claim, no such affidavit is attached to the motion. Accordingly, the motion is deficient to support the damages sought.  *See, e.g., Natures Way Marine, LLC v. N. Am. Materials, Inc.*, No. CIV. A. 08-0005-WS-B, 2008 WL 801702, at *4 (S.D. Ala. Mar. 24, 2008) ("The Court will not rubber stamp damages figures whose origins, meaning, and constituent parts are indeterminate and unexplained.  It is incumbent on plaintiff, as the party seeking default judgment, to make a detailed evidentiary showing of damages, beyond mere conclusory statements. . . .").

Fourth, in the motion, Plaintiff claims in conclusion that it is entitled to prejudgment interest, without explanation, and without citation to any evidence or legal authority in support.  Doc. No. 7, at 4.  This is insufficient to support such a claim.  *Cf. McGlynn v. El Sol Media Network Inc.*, No. 6:23-cv-531-PGB-LHP, 2024 WL 4201917, at *9 (M.D. Fla. July 12, 2024), *report and recommendation adopted*, 2024 WL 4201964 (M.D. Fla. Aug. 7, 2024) (denying request for prejudgment interest where it was mentioned only in passing and unsupported by evidence or legal authority in support).

Finally, Plaintiff attaches an "Affidavit of Military Status Based Upon Service Return," executed by counsel, and additional documents, but which go unmentioned in the motion. Doc. No. 31-1. In a renewed motion, Plaintiff must establish why the attached evidence establishes compliance with the Servicemembers Civil Relief Act. *Cf. United States Sur. Co. v. Belloit*, No. 3:24-cv-235-WWB-MCR, 2024 WL 5372678, at *1 (M.D. Fla. Sept. 23, 2024) (denying motion for default judgment where the plaintiff failed to establish compliance with the Servicemembers Civil Relief Act).

For these reasons, Plaintiff's motion (Doc. No. 31) is **DENIED without prejudice**. Plaintiff shall file a renewed motion within **twenty-one (21) days** of the date of this Order. In a renewed motion Plaintiff must establish, by citation to legal authority, entitlement to default judgment on the claims raised in the operative complaint. A renewed motion shall be supported by a memorandum of legal authority setting forth the applicable law and the elements of Plaintiff's claims, and demonstrating how the well pleaded allegations of the complaint establish each of the elements of the claims for which Plaintiff seeks default judgment. In making this showing, Plaintiff must provide pinpoint citations to the portions of the complaint (by paragraph number) that establish each of those elements. A renewed motion must also address, by citation to the complaint, attachments, legal authority,

and evidence, each of the issues outlined in this Order, including, but not limited to, choice of law, personal jurisdiction, and the claimed damages.

Plaintiff must attach any evidence to a renewed motion that it wishes the Court to consider—the renewed motion must be a stand-alone document and may not incorporate by reference a prior motion. *See* Local Rule 3.01(h). Failure to adequately establish liability in a renewed motion, or failure to adequately support the damages sought by citation to evidence and legal authority, will result in a recommendation to the presiding District Judge that the motion be denied.

**DONE** and **ORDERED** in Orlando, Florida on June 18, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-6-