**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARPLE FLEET LEASING, LLC,

Plaintiff,

v. Case No.: 6:25-cv-02087-RBD-LHP

ORLANDO RENTCO, LLC, AND
REMON AZIZ,

Defendants,

---

**ORDER**

Before the Court is Plaintiff's Renewed Motion for Final Default Judgment, Doc. No. 36, which motion has been referred to the undersigned. On review, the renewed motion (Doc. No. 36) will once again be **DENIED without prejudice**, for the reasons that follow.

This case concerns Plaintiff Marple Fleet Leasing, LLC's claims that Defendant Orlando Rentco, LLC breached a Master Lease Agreement with Plaintiff, by which Orlando Rentco, LLC agreed to lease vehicles from Plaintiff, and by which Plaintiff alleges that Orlando Rento, LLC failed to make required monthly payments. Doc. No. 7; *see also* Doc. No. 7-1. Defendant Remon Aziz executed an associated Guarantee, guaranteeing all amounts due under the Master Lease Agreement. Doc. No. 7; *see* Doc. No. 7-1, at 11. The operative pleading is Plaintiff's

amended complaint, filed on November 19, 2025. Doc. No. 7. Plaintiff brings two breach of contract claims, one against each Defendant. *Id.* at 5–6.

Defendants were served with process, but they failed to timely appear or respond. Doc. Nos. 13, 16; Fed. R. Civ. P. 12(a)(1)(A). Accordingly, on Plaintiff's motions, Clerk's defaults were entered against Defendants. Doc. Nos. 17–19, 26–28. Thereafter, Plaintiff moved for default judgment. Doc. No. 31. On referral, the undersigned denied that motion without prejudice for several reasons, to include: (1) failure to comply with Local Rules 1.08 and 3.01(k); (2) failure to address subject matter jurisdiction or whether the Court has personal jurisdiction over Defendants; (3) failure to address or establish what jurisdiction's law applied to the breach of contract claims; (4) failure to adequately support the damages sought, to include a request for prejudgment interest; and (5) failure to address compliance with the Servicemembers Civil Relief Act. Doc. No. 35. The undersigned permitted Plaintiff to file a renewed motion addressing these issues. *Id.*

Now before the Court is Plaintiff's renewed motion. Doc. No. 36. While Plaintiff has rectified some of the previously identified deficiencies, a few issues remain, preventing the undersigned from recommending disposition of the motion.[1]

---

[1] In denying without prejudice Plaintiff's initial motion, the undersigned cautioned that "[f]ailure to adequately establish liability in a renewed motion, or failure to adequately support the damages sought by citation to evidence and legal authority, will result in a

First, the motion once again fails to comply with the typography requirements of Local Rule 1.08. *See* Doc. No. 36; *see also* Doc. No. 35, at 2.

Second, while Plaintiff has demonstrated why Pennsylvania law would apply to its breach of contract claim against Orlando Rentco, LLC pursuant to the terms of the Master Lease Agreement, *see* Doc. No. 36, at 3–4; Doc. No. 7-1 ¶ 20, Plaintiff has not established same with regard to the Guarantee it seeks to enforce against Aziz Remon, *see* Doc. No. 7-1, at 11. Specifically, it is not clear from the attachments to the complaint whether the Guarantee is part of the Master Lease Agreement, or whether it was executed separately—the undersigned notes that the Master Lease Agreement is dated November 26, 2019, Doc. No. 7-1, at 9, and the Guarantee was executed over three (3) years later, on December 12, 2022, Doc. No. 7-1, at 11. Unlike the Master Lease Agreement, the Guarantee does not contain a choice-of-law provision, Doc. No. 7-1, at 11. Nor do the complaints, attachments thereto, or Plaintiff's motion for default judgment speak to where the Guarantee was executed. Doc. Nos. 7, 36. Thus, Plaintiff has not adequately established what law applies to its contract claim against Aziz Remon. Relatedly, Plaintiff's filings

recommendation to the presiding District Judge that the motion be denied." Doc. No. 35, at 6. However, given that Plaintiff has rectified some of the previous deficiencies, the undersigned finds it appropriate to allow Plaintiff one final opportunity to file a properly supported motion for default judgment.

do not demonstrate why any prejudgment interest awarded against Aziz Remon would be governed by Pennsylvania law. *See* Doc. No. 36, at 7–8.

Third, Plaintiff has again failed to adequately support the damages sought. Plaintiff's amended complaint includes allegations that $1,295,431.17 is the amount it is owed. Doc. No. 7, at 5.[2] In the motion, Plaintiff states: "Attached to this Motion as **Exhibit '1'** is the Affidavit of Frederick J. Cardone, Plaintiff's chief financial officer, who attests that [Orlando Rentco, LLC and/or Remon Aziz have not] paid the $1,295,431.17 to Plaintiff." Doc. No. 36, at 5, 6. But upon review of Mr. Cardone's affidavit, it is entirely conclusory, stating only: "Plaintiff has suffered liquidated damages under the terms of the Master Lease Agreement totaling in the amount of $1,295,431.17. *See* account summary attached hereto as Exhibit '1' and contract history attached hereto as Exhibit '2.'" Doc. No. 36-1 ¶ 6. No "account summary" or "contract history" is attached to the filing. And the otherwise conclusory references to $1,295,431.17 are alone insufficient to demonstrate that default judgment is warranted in Plaintiff's favor in the amount sought. *See Almeira v. GB House, LLC*, No. 8:14-cv-00045-T-27AEP, 2014 WL 1366808, at *1 (M.D. Fla.

[2] The operative complaint contains one reference to "$5,634,948.48" as the "full outstanding balance." Doc. No. 7 ¶ 26. However, the remainder of the complaint references a request for "$1,295,431.17," Doc. No. 7, at 5, the same amount Plaintiff requests by its motion for default judgment, Doc. No. 36. Accordingly, the "$5,634,948.48" is not further addressed herein.

Apr. 7, 2014) ("Conclusory affidavits are insufficient to establish the amount of damages upon default judgment."); *Natures Way Marine, LLC v. N. Am. Materials, Inc.*, No. CIV. A. 08-0005-WS-B, 2008 WL 801702, at *4 (S.D. Ala. Mar. 24, 2008) ("The Court will not rubber stamp damages figures whose origins, meaning, and constituent parts are indeterminate and unexplained. It is incumbent on plaintiff, as the party seeking default judgment, to make a detailed evidentiary showing of damages, beyond mere conclusory statements. . . .").

For these reasons, Plaintiff's Renewed Motion for Final Default Judgment (Doc. No. 36) is **DENIED without prejudice**. Plaintiff will be given **<u>one final</u>** opportunity to file a properly supported motion for default judgment. Plaintiff shall file a renewed motion within **twenty-one (21) days** of the date of this Order.

In a renewed motion Plaintiff must address, by citation to legal authority and adequate evidence in support, the issues set forth in this Order as well as the June 18, 2026 Order (Doc. No. 35). A renewed motion shall be supported by a memorandum of legal authority setting forth the applicable law for **<u>each claim</u>** and demonstrating how the well pleaded allegations of the amended complaint establish each of the elements of the claims for which Plaintiff seeks default judgment. In making this showing, Plaintiff must provide pinpoint citations to the portions of the amended complaint (by paragraph number) that establish each of

those elements. A renewed motion must also address, by citation to the amended complaint, attachments, legal authority, and evidence the claimed damages.

Plaintiff must attach any evidence to a renewed motion that it wishes the Court to consider—the renewed motion must be a stand-alone document and may not incorporate by reference a prior motion. *See* Local Rule 3.01(h). Failure to adequately establish liability in a renewed motion, or failure to adequately support the damages sought by citation to evidence and legal authority, **will** result in a recommendation to the presiding District Judge that the motion be denied, in whole or in part.

**DONE** and **ORDERED** in Orlando, Florida on September 24, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties